A General Perspective The case of the morning is number 23-20357, Ultra Deep Picasso Point Limited v. Dynamic Industry, Saudi Arabia, and we'll hear from Mr. Sims. Judge Jones, Judge Clement, Judge Wilson, the statute, Rule B, is very clear and what this court follows is the language of the statute itself, the plain and unambiguous meaning of statutory language. The case we cited, there's a few others, U.S. v. Orellana, 405 F. 3rd, 360-365-2005. And you have read Rule B, but I think it's good to start with reading it again. The plain language, if a defendant is not found in a district, check. Defendant here was not found in the district. When a verified complaint, praying for an affidavit required by Rule B-1 is filed, check. That was done here. Verified complaint may contain a prayer for process to attach defendant's tangible or intangible personal property, check. That was done up to the amount sued for in the hands of the garnishees named in the process. Yes, but where do you show that Saudi Arabia's agent in Houston could get his hands on money possessed by the bank in Saudi Arabia? It is the hands of Riyadh Bank in Houston, which are the same hands of Riyadh Bank in Saudi Arabia as a matter of Texas law, as a matter of the registration in Texas. In the record, you will see where the resident agent's listed office is. Well, that's agent for service of process. That's not agent. That doesn't say. There are different rules for branch banks, aren't there? Not in Texas, Your Honor. There are two rules for garnishment of banks. One is the Second Circuit and courts around that rule comes from the 19th century. Why it hasn't been changed, who knows? Well, beyond that it hadn't been changed, it's been adopted and followed by courts, including courts in this circuit. I'm not — perhaps outside of Texas, but not in Texas. The Texas rule is that wherever the resident agent of the bank is, there is garnishment of the account wherever it is found, and that's what Boehnerine, you'd see that cited. That was our case. I thought in Poland what they said was where the deposits are found is where you could withdraw them. That was an add-on to where — Any dispute that you can't withdraw the funds in Houston? Do you have the garnishee? It doesn't matter. If you can walk in — let me give you an example, all right? I keep my bank account in Baltimore. But let's say I live in New Orleans. This is my resident, all right? And you serve me with a Rule B writ. And you say — and the rule says, Sims, this is a bank account. Now, this is a little bit different. Let's say the bank account I control is the defendant's here, okay, is Dease's, all right? Sims is here. I control that bank account. Even though it's back in Maryland, the writ says you hold that account. And that's where this court has been very clear about the difference between a garnishment and an attachment. Now, of course, if you're attaching property, if you're attaching a ship, if you're attaching bunkers, all of that, it's going to be in the district. Why? The real property is in the district. I understand the difference between a garnishment and an attachment. Yes. And a garnishment is where you go after someone who owes a debt to the person that you're garnishing. Yes, Your Honor. And here you have what I understood the evidence showed, but you can tell me why I'm wrong, is the fact that there's a storefront in Houston represented by the Bank of Riyadh is not the same as your client being able to go and put that guy in jail if he doesn't transfer the money, because he doesn't have the ability to do that the way the agency works.  Where am I wrong about the evidence? That would be as if you were to say, all right, the GM has a resident agent in Texas. I don't want to talk about that. I'm talking about the evidence before this court in this case, please. The evidence before the court in this case is that Riyadh Bank has a Texas license that allows it to do anything that a bank does. But it doesn't. But it doesn't. It's not disputed that it doesn't. It's not a branch of the bank. It is a Texas qualified bank. Qualified, but it's not a branch of the Bank of Riyadh. And money can't be withdrawn. That's the whole issue. If you can't withdraw the money. Your Honor, the entity that is in Texas is Riyadh Bank. And if Your Honors would look at the answer of Riyadh Bank, this is what Riyadh Bank says. Garnaschee admits that DESA holds an account with Riyadh Bank. Okay, so we know that Riyadh Bank has an account and that Riyadh Bank has an agent in Houston in this district. There was no reservation about personal jurisdiction. There was no reservation at all about the answer. Riyadh Bank says, yes, we hold an account. Yes, we have an agent in this district, but the account is not in the United States. Under Rule B, that does not matter. What matters is that we have the Garnaschee right here. This is the answer, never retracted by Riyadh Bank. If this were J.P. Morgan, well, I can't, suppose this were J.P. Morgan Chase. Yes. Then if Riyadh had an account in New York or presumably in London or wherever J.P. Morgan Chase does business around the whole country, there is no question that you could garnish J.P. Morgan in Houston to satisfy your debt. But this is a bank that apparently operates wholly outside the United States unless we have evidence to the contrary. And it's not clear to me that there is evidence to the contrary here. The evidence is that the account may be held in Riyadh. It may be held in Brussels. It may be held wherever. Yes, but it ain't held such that you could have a wire transfer from Brussels or Riyadh to the agent in Houston. I don't think there's any evidence of that from the other side. Well, then there's not enough evidence for you because you're the plaintiff. The evidence, the only evidence needed has been the answer where Riyadh Bank says it has an account. And then the agent is in Texas. And Texas law says where the agent is, therefore, the garnish he is and the rest can be garnished. Wasn't, didn't you argue the opposite proposition in some other published opinion? That the rest had to be in the district. And in Bowling Marine, I argued yes, and guess what? There's good argument that the rest is here, but that is not the requirement. There's nothing in the statute that says we can stare at it all we want. Isn't that a requirement more broadly of quasi-in-rim jurisdiction? In other words, courts proceed with the limitations on their jurisdiction before we ever get to Rule B. Not as this court has looked at it. In the Day case back in Mississippi, 1985, this is one of the things that's great about Admiralty. You have these big spaces of time and things are developed. And the judge back in Mississippi, 1985, said, although no cases have been found considering the situs of the debt, quasi-in-rim Admiralty actions, this court is persuaded by the decision of the Fifth Circuit in Belcher Oil, such that if the court has jurisdiction over the garnish he, it has jurisdiction over the rest. And sure enough, back in Belcher Oil, if you look back at page 1164, 724 F. 2nd, 1161, at the end of the quote there, there are actions based on a claim for money begun by attachment, but has jurisdiction over the thing belonging to him or her or over a person who is indebted or owes to the duty of the defendant. So it is the jurisdiction over the person. There's no such thing. There's a half-inch bridge. With the Great Prize case, which is a Fifth Circuit case, I mean, doesn't Great Prize say that the rest has to be in the jurisdiction? Great Prize did not turn on that question. Great Prize turned it on the question of, where's my notes on the Great Prize, because I knew you were going to ask about that. Great Prize turned on the question of dismissal of forum of nonconvenience, adequate alternate forum. And here what we've done is the garnishment is to assist the arbitration back in UAE under the Federal Arbitration Statute and the maritime attachment part of that that lets you start with that. And sure enough, you know, last night I called the client and I said, well, what's going on with the arbitration? And they said, oh, finally, DISA has agreed to enter the arbitration. Now, isn't that quite a coincidence? Here we are, and on the very day or very close, the statute achieves exactly what it's supposed to do, which is we have garnished the property of DISA to assist the arbitration, and that is what's finally happening here. And this is not unfamiliar to this Court. You haven't garnished it because the district court ruled against you, right? The court has ruled against, but the case is live. The garnishment can be reinstated. There's no indication that there's no longer an account at Riyadh Bank, and we expect that there is. And so that is the difference between Grand Prize. Yes, there is property in the district in Grand Prize. There was, but the property does not have to be in the district, according to Grand Prize. That was an add-on, and the court looked at what's the ---- You know, you call it an add-on, and in your briefing you say that this acquistole is just cut and paste, cut and paste, cut and paste. I mean, courts are not automatons. They say what they say, and you can't just dismiss what the court said in Grand Prize. A good-faith allegation in the complaint that the rez is present within the geographical jurisdiction of the court is the jurisdictional fact, which gives the court in personam jurisdiction over the defendant purported to own the rez. It is the, but there's no exclusive. It is not the exclusive jurisdictional fact. It is a fact. If there's a ship here that belongs to the defendant and the defendant's not here, I can garnish the, I can attach the ship, no question about that. But it's not the jurisdictional fact. In fact, the Belcher case, the Steena Raderi case, 923, F2nd, 380, 391, also makes it clear. It is, yes, there can be a thing in the jurisdiction. That's a great thing to have, but it's not the exclusive thing. It can be, it is the language of the statute, the garnishee in the hands of the garnishee, all right? And that is what the resident agent of Riad Bank is there for in Texas. Now, they have decided we're going to have our hands tied behind our back, okay? But we've still got hands because we're still in Texas. We can still sue in Texas. We still have sued in Texas. My bank has a mortgage office, and they handle mortgage activities and that sort of thing. If I show up to that branch and want to withdraw money, they're going to tell me, no, we don't do that here. I've got to go to another branch. That doesn't mean that that mortgage facility or mortgage office that handles back office things and what have you, it's part of the bank. But, I mean, that doesn't mean they have any access to my account. That's the whole point, right? Your Honor, if the marshal of the southern district of Texas shows up to the garnishee of Riad Bank and says it's time for you to transfer that money, I think the next thing out of the mouth of the marshal will be, well, make my day and try not to do that. You've got a resident agent here. You're present here. You're admitted to the court's jurisdiction. You've admitted. There's an account. Okay. Before the magistrate judge, Riad Bank sought and obtained leave to provide documentation reflecting that its license with the Texas Department of Banking was recently corrected to reflect its status as a foreign bank, not a branch. Tellingly, quote, UDP offered no evidence of any property found in the southern district of Texas. UDP went so far as to concede that, quote, there's no property of garnishee in this district. We haven't disputed that. Exactly. Because they admitted to holding property. It does not have to be in the district. The garnishee is in the district. The hands of the garnishee. But what do you say as the license was corrected to reflect status as a foreign bank, not a branch? What does that mean? It's a foreign branch. It's a resident agent. They are present. Their hands are there. If ordered by the southern district to turn over the money that they admitted to holding, the money's got to come in. They are subject to the jurisdiction. They've admitted to the jurisdiction. They have got to bring it in. They are absolutely required under Texas state law to do that. Did you call the agent to the stand? Under Texas state law, the agent could swear up and down. He doesn't even know where Saudi Arabia is. But it doesn't matter. He has qualified. The Riyadh Bank qualified with its address Riyadh, Saudi Arabia, in Texas. All right. We understand that. Now, you have time for rebuttal. We'll hear first from Mr. Ballard. Good morning, Your Honors. May it please the Court. I was going to go first back to some basics, but Judge Wilson hit on a point that I'm going to skip to, which is that this whole argument that UDP presents conflates personal jurisdiction over a garnishee with jurisdiction over property. And that is such a fundamental threshold question that the authority for that is clear. It's the United States Supreme Court in Schaefer v. Heitner. Well, we understand that. I'm interested in the facts here. Could this agent in Houston effectuate a wire transfer? Your Honor. In other words, they can file a writ of garnishment, but the garnishment would be to a debt that is owed by the bank. But if the agent in Houston has no authority or power to compel the bank in Saudi Arabia to acknowledge that. That is correct, Judge Jones. And my apologies. I should have also begun by introducing myself, Mr. Ballard. I represent Dynamic Industry, Saudi Arabia. Mr. Letourneau, I'm sure, can address that as well. But you hit the nail on the head, Judge Jones. There is absolutely no evidence that the agent in Houston has the authority to do any of that. In fact, the magistrate invited the parties at an evidentiary hearing, give me all of your evidence. And, Judge Jones, you pointed out that UDB presented nothing. They called no witnesses, submitted no declarations, submitted no evidence. The magistrate summarized very clearly at record 415 and 415, all of the things that you're asking about, Judge Jones. Mr. Chambers stated that the Houston agency is an agency of a foreign bank pursuant to the Texas finance code. It is unable to accept deposits from any clients and holds no assets of any clients in Houston. In fact, it has no access whatsoever to any account that may be held by a client. So, in other words, if I'm somebody, a Saudi citizen resident in Houston for some purpose, I cannot go to that office and write a check and draw money out of my account in the bank. That is my understanding based on the evidence that was presented by the agent here, Your Honor. And back to Judge Wilson, you pointed out great prize. It's not just dicta. It's not just throwaway. This circuit says, in line with Schaefer, that the property, to exercise federal court jurisdiction, the property has to exist within the district. Do you agree that if a depositor could go withdraw funds from the office in Houston, we'll call it a branch because it's not, I guess, that there would be jurisdiction here? I'm not sure. I agree with Boland in its analysis on that. And I've never seen a Fifth Circuit case that says that that is the case. That's obvious. Yeah, I'm just asking you. If the funds are available for withdrawal— I don't think so for this reason, Judge Wilson, because 15, 20 years ago in the Southern District of New York, we admiralty lawyers used to like to attach electronic fund transfers as they passed through the Swift money system in Manhattan. And the First Circuit eventually overruled that, I believe in Winter Storm, and said that is not a sufficient basis to exercise quasi-in-rim jurisdiction. Yeah, but those are EFTs. Those are not garnishing the deposit account, right? That is correct, Judge Jones. It's a closer call. I don't know. It's not before the court today, but it's an interesting question, Judge Wilson. It is an interesting question, and maybe it is before the court or maybe it isn't. But how do we determine in modern banking where the deposits are? Because clearly if it's a branch bank in Houston and I can put my ATM in the branch ATM and withdraw, my funds are there. Are they not? I think at a minimum—let me say it like this. I think at a minimum you're right. You have to have the ability to withdraw within the district for the property to be considered in the district. So I think at a minimum you would have to have the ability. I mean, isn't that what Boland says? That is what Boland says, although it's not a Fifth Circuit case. No, but that's how that court drew the line. That is correct, Your Honor. That's the distinction you all are making. The distinction— Whether or not you can withdraw the funds. Are the funds there to be available to be withdrawn if they're garnished? And the answer was no. And, Judge Clement, that's correct. And I think there's been a great job of confusing the issue with talks of garnishment, attachment, this. But I think we have to remember, we have to come back to some basics. This is a Rule B action for attachment of a bank account to provide security for an arbitration that still has not commenced. Now, Mr. Sims— But why is this any different? But you're attaching the bank as a garnishee, right? It's actually, Judge Jones, I think it's a written— They are a garnishee, but it is a writ of attachment. It is a prejudgment attachment. They are not seeking to enforce a judgment. No. And so I think there's a slight distinction, Judge Jones. Well, no. You have pre-suit garnishments, too. Correct. But I think what the district court was struggling with is this case was filed in November of 2021. And for 29 months, UDP kept saying, well, we need to find some security for this arbitration that we're going to commence. And for 29 months, nothing happened. The trial court has to dispose of its case. This writ of attachment can't just sit out in the world if there's nothing there. And I think the magistrate said, let's have a ruley evidentiary hearing. Show me the evidence where there is something that can be attached. And the evidence was undisputed. It was clear. The evidence before this court is undisputed and clear that there is no rez within the district. And I think it's a lack of actually subject matter jurisdiction. Excuse me. A lack of jurisdiction in the initial phase. The cases, I don't want to get too deep into them, Judge Jones, because I think you pointed out the difference between garnishment and that understanding. But the AFCAP and the sole gas cases that he's relying on are talking about using the federal code and the federal court system to enforce a judgment that's already been rendered. It has nothing to do with Rule B. They're not admiralty cases. And so I'm not even sure why they're being included in this analysis. I know admiralty is special, but what you were essentially saying is that Rule B attachment is property within the district. And I see no material . . . and I know there are cases where property includes a debt owed to the defendant in the district. And I see no material difference between calling that property, which is a debt owed, which would be a garnishment. And where a bank is concerned. So in the interest of clarity, admiralty ought to harmonize to some extent with ordinary commercial law, shouldn't it? I think so, Judge. We always like to consider ourselves unique and distinct. I understand that. But I think that in those garnishment cases, when those cases are brought in federal district court, there's an independent basis for subject matter jurisdiction. And here . . . I understand that. And here . . . and that's what the district court was asking UDP. Show me where I have some jurisdiction to continue with this case. And there was no evidence of any of that presented, Your Honors. And Judge Jones, you observed . . . and I don't think there's any dispute. And as I said, the magistrate, which the district court ultimately adopted, went through specific factual findings. And unless the court has . . . and Judge Jones, you made this observation. At the rule of evidentiary hearing, it's the plaintiff's burden to show and provide evidence. And the plaintiff provided no evidence. Thank you, Your Honors. Yes, sir. Thank you. Mr. Letourneau. Good morning, Your Honors. May it please the Court. Keith Letourneau for Garnashee Riyadh Bank. I'd like to start out by addressing the issue as to whether or not Riyadh Bank in Texas is a branch bank. And it is not. And specifically, I draw the Court's attention to the Texas Finance Code Section 201.028A. 201 what? Pardon me, Your Honor. 201.0028A. Okay. Which adopts the International Banking Act's definition of the term branch, which means an office of a foreign bank located in the United States at which deposits are received. It is that language, at which deposits are received, that's dispositive in this case, because Riyadh Bank, a Houston agency, receives no deposits at its location in Houston. It doesn't make any difference what the registration is with the state of Texas. The fact of the matter is there are no receipts that are received there for depositors. No one has access to a bank account in Texas. So if there are no deposits, there's nothing to withdraw. There's nothing to withdraw, Your Honor. That's correct. Could the funds be wired there? Your Honor, there's no evidence to that effect, and certainly the declaration of Chris Chambers was very clear that there simply is no access by the agency to any bank accounts that are located in Saudi Arabia. I mean, are we looking at the right touchstone here, whether funds could be withdrawn or deposited, or is mere presence of the garnishee enough? Your Honor, I think Boland addressed that issue, and there are a variety of other cases that talk about what the standard is, and I think Judge Jones was asking, you know, shouldn't maritime law dovetail with standard practice? The cases seem to generate a workable rule, and that workable rule is a bank account is located where a depositor has access to. That's where the debt is. Exactly, Your Honor. And so in those cases, that's Boland. It's also ACME Contracting, 2008 Westlaw 453-4175. It's also Regions Equipment Finance Corporation, 313 FRD 568. Are these cited in your brief? They are, Your Honor. Okay. So the point I would make is that it's a workable rule. This is not a branch bank. So consequently, there's no basis for asserting a garnishment action against Riyadh Bank, Texas agency. I would also draw the Court's attention to the Stena Rhetory case, 923 F. Second 380, and specifically footnote 17. And there the Court talked about constitutional due process concerns require a connection between the garnished debt and the attached property and the subject matter of the action. And the Boland Court, I thought, frankly, did a good job discussing that. There's no general jurisdiction in light of Daimler. Specific jurisdiction, one of the factors that the Court would look to for a garnishment action is the plaintiff's cause of action arises out of or results from the garnisher's form-related contacts. And the Boland Court found that because Wells Fargo's account was located within the district, then the bank account essentially is located within the district for purposes of Rule B. That is not the case here. There are no contacts between Riyadh Bank, Houston agency, in Houston, and DESA. There's no business. They conduct no business whatsoever. What does the agent do in Houston? Your Honor, the agent engages in contracting, working out contracts for companies to do business in Saudi Arabia and providing loans in the United States and Canada. But it does not have any deposits in Texas. I would also point out, too, with respect to the literal language of Rule B, there have been a variety of judicial glosses applied to Rule B over the years, not the least of which is the found within the jurisdiction for purposes of the presence of the defendant, but also with respect to the property found within the district. And specifically, again, a great prize is a 1992 Fifth Circuit case. And contrary to counsel's representation about it being a jurisdictional fact, the key language in that quote, in that case, is the rez is present within the geographical district, excuse me, the geographical jurisdiction of the court is the jurisdictional fact, which gives rise, gives the court in personam jurisdiction over the defendant. That is the key. It's the key under Rule B. And it makes sense in this context of a maritime case. This is prejudgment attachment. This is an extraordinary remedy. It should be narrowly construed. And it makes perfect sense the way the courts have adopted or interpreted it over the years. It has been interpreted repeatedly by the courts for decades, frankly, requiring the property to be within the district in order for there to be a Rule B attachment. The end. The end. Your Honor, I don't know that I have anything else to add to what's already been said unless the court has any additional questions for us, for Riad Bank. I think that the position we're taking, essentially, is we're not a branch bank. We don't have the ability to accept deposits. And we don't meet the criteria for having a bank account. And so, consequently, there's no basis to assert a specific jurisdiction over Riad Bank as a garnishee in this case. Okay. Thank you, Your Honors. We have your argument. Thank you. Mr. Sims. Riad Bank did not object to personal jurisdiction. That's waived. The Grand Prize case, Judge Wilson, you asked about, the court said, yeah, the bunkers are here. We got that. Then Grand Prize went off on another direction, saying, well, it's not convenient for them. The pivotal point of Grand Prize was not that there was property in the jurisdiction. The Texas State Code, Texas Finance Code 204, Section 204.105A, a Texas state branch or agency is subject to the subtitle and other laws of the state applicable to banks as if the Texas state branch or agency were a Texas state bank. Texas state bank, whether the Texas state bank decides to give car loans, decides to give out Saudi reals, decides to do nothing, it's still a resident. It still has its agency considered to be a Texas state bank, qualified to be a Texas state bank. They're present. And Texas law is very clear. And Bold Marine's point is this. It says, and this is the general admiralty rule, where there is no specific admiralty rule. You look to state law, particularly to where the jurisdiction is over a garnishee, which controls a bank account. You look at Texas state law. Very clear. And as Your Honor said, this is the civil standard. This is the admiralty standard. Where the garnishee is, therefore, you control the rest, wherever it is in the world. Okay? So if, for example, GM, which it does, has a resident agent in Texas, which it does, and someone wants to garnish a receivable that is due from GM to somebody else, they can go garnish GM right there with the resident agent and say, don't pay that person, pay us when there's a judgment. And that is the way that Rule B operates. There is nothing in the statute that says, and if Your Honor would look at the, as you will, as you have, you look at the Rule B cases and you will not find a single one that says, ah, garnishee present in the district, things, therefore, in the hands of the garnishee, but nothing I can find in the way of property in the district, therefore, no Rule B. Okay. Suppose this is an itinerant, because under Rule B you can attach itinerant property. Suppose this were an itinerant agent for Riyadh Bank who just happened to come to Houston for a conference of some sort. So you're saying that person could be garnished even though he was in Houston for two days and went back home? That is another set of rules. I hope there's nobody chasing me with a subpoena right now out of this district. Well, your whole point is it's sufficient if you're a registered agent to be a garnishee. And it seems to me, you know, the garnishee has to have, by definition, some control over the property. The garnishee only has to be the garnishee. And so, gee, I'm back. I've never heard of that before, but I'll take your word for it. What's your best case for that? The best case for that, we have cited it, a Supreme Court case, as a matter of fact, in our brief. And I will find it in a second here. But GM, for example, if let's say this was an interesting, and we did cite in our opening briefs, where Riyadh Bank has readily appeared in Texas state court, in the federal court as Riyadh Bank, and had no problem saying that's who they are. But the, gosh, I will find the case. But the point is this. Let's say if it was a Riyadh Bank car. Let's say this fellow who gave the affidavit was traveling on bank business and hit somebody in Houston. Then that, he would be on Riyadh Bank's operation. Even though the agency is, they've decided to be limited, they could still be sued in Texas. They have sued in Texas. They have been sued in Texas. They have never raised a personal jurisdiction defense. They didn't raise it in this answer at all. And the . . . Okay. Well, your time is up. You can either file a 28J letter or just highlight whatever case that was. Yes, Your Honor. Thank you. Okay. Thank you very much.